## JOHN AINSFIELD CO. v. RASMUSSEN.

No. 1688.   Decided July 14, 1906 (85 Pac. 1002).

1. SALES — ACTION FOR PRICE — PLEADINGS—BURDEN OF PROOF.— In an action for the price of goods, the defense that the seller failed to ship the same in time, and that the goods came too late to be of ready sale, is new matter, and the burden of proving it is on the buyer.

2. TRIAL — INSTRUCTIONS — PREPONDERANCE OF EVIDENCE — MISLEADING INSTRUCTIONS.—Where, in an action for the price of goods, the buyer denied the allegation of the complaint and pleaded as an affirmative defense the failure of the seller to ship the goods in time, an instruction that, if the evidence was equally balanced, the verdict should be for defendant, was misleading because calculated to lead the jury to apply the instruction to the affirmative defense.[1]

3. EVIDENCE — BURDEN OF PROOF — FAILURE TO SUSTAIN.—Where defendant denied the material allegations of the complaint, the burden of proving the allegations by a preponderance of the evidence was on plaintiff, and if he failed to do so, or if the evidence was equally balanced, he could not recover.

4. TRIAL—INSTRUCTIONS — PREPONDERANCE OF EVIDENCE.—Where, in an action for the price or goods, the buyer denied the allegations of

---

[1] Hickey v. Rio Grande Western Ry. Co., 29 Utah 392, 82 Pac. 29.

the complaint, and pleaded an affirmative defense, and gave evidence rebutting the evidence of the seller, and the court charged that the burden of proving the sale was on the seller, and that the burden was on defendant to establish the affirmative defense by a preponderance of the evidence, and defined "preponderance of the evidence" as the greater weight of the evidence, the refusal to charge that the burden was on the seller to prove the material allegations of the complaint by a preponderance of the evidence, and that, if he failed to so prove the same, or if the evidence was equally balanced, the verdict should be for defendant's was erroneous.

APPEAL from District Court, Weber county; J. A. Howell, Judge.

Action by The John Ainsfield Company against O. D. Rasmussen. From a judgment for plaintiff, defendant appeals.

REVERSED AND NEW TRIAL ORDERED.

*Henderson & MacMillan* for appellant.

*N. J. Harris* for respondent.

### APPELLANT'S POINTS.

These bills of lading represented the goods. The defendant could not secure the goods from the railroad company without the presentation of the receipt (the bill of lading) for the goods and when plaintiff accepted the bills of lading without returning them to defendant it thereby constituted an acceptance of the goods from defendant, and the instruction requested by defendant should have been given to the jury. (*Pollard v. Vinton*, 105 U. S. 8.)

So the Supreme Court of Montana, in speaking upon this subject, says:

"We will have to consider what effect the absence of a bill of lading and of notice of the shipment to the bank had upon the rights of these parties. A bill of lading is a commercial instrument, and is a written acknowledgment signed by the master of a vessel, or by a common carrier, that he has receiv-

ed the goods therein described from the shipper to the trans-
ported on the terms therein expressed to the described place
of destination, and there to be delivered to the consignee or
parties therein designated. (Abb., Shipp. [7 Am. Ed.] 323;
*O'Brien v. Gilchrist,* 34 Me. 558; 1 Pars., Shipp., 186;
Macl., Shipp., 338; Emirig. Ins. 521.) A bill of lading is
the symbol of the ownership of the goods covered by it—a
representative of the goods. It is regarded as so much cot-
ton, grain, iron or other articles of merchandise. The mer-
chandise is very often sold or pledged by the transfer of the
bill of lading which covers it. (*Shaw v. Railroad Company,*
101 U. S. 564, 565.) Hence it is held by the authorities
that the transmission of a bill of lading by the consignor to
the consignee is a delivery of the possession of the goods cov-
ered by it, and that thereby the title to the property passes
from the consignor to the consignee. (*Hallie v. Smith,* 1
Bos. & P. 463; *Desha v. Pope,* 6 Ala. 690; *Gibson v. Stevens,*
8 How. 384; *Grove v. Brien,* Id. 429; *Bryans v. Wight,* 24
Wend. 169; *Grosvenor v. Phillips,* 2 Hill, 147; *Sumner v.
Hamlett,* 12 Pick. 76; *Nesmith v. Dyeing Co.,* 1 Curt. 130;
*Valle v. Cerre's Adm'r,* 36 Mo. 575.)" (*Bank v. McAndrews,*
5 Pac. 880-881; *McKelvey v. Perham,* 79 Pac. 254; *Walsh
v. Blakely,* 9 Pac. 809; *Mercantile Co. v. Fussy,* 39 Pac.
738, 48 Am. St. Rep. 698; *Herbert v. Winters,* 39 Pac. 906;
*Salmon v. Brandmeirer,* 93 N. Y. Sup. 271.)

Should the carrier deliver these goods to any other person
than the one named in the bill of lading, it would be liable
to the party named in the bill. (*Weyard v. Railroad* [Iowa],
39 N. W. 902.)

A jury should not be permitted to determine a case upon
its own opinion as to the justice between the parties, without
even attempting to follow the evidence or the instructions of
the court. (2 Thompson on Trials, section 2605, p. 1970,
and cases cited; *Brewery Co. v. Bodeman,* 12 Mo. App. 573;
*Ellsworth v. Railroad Company,* 34 N. J. L. 93; *Biggs v.
Barry,* 2 Curt. C. C. [U. S.] 259.)

## RESPONDENT'S POINTS.

Appellant's counsel contends that the court erred in refus-ing to give the following instructions:

"If the evidence is equally balanced your verdict must be for the defendant, no cause of action." The case of *Hickey v. Railroad Co.*, 29 Utah 392, 82 Pac. 29, is decisive on this point.

The fact that the jury found for plaintiff without interest would not vitiate the verdict. If plaintiff is entitled to inter-est the court could have amended the verdict, even after the discharge of the jury, so as to make it include interest. (22 Enc. Pl & Pr., 918, 2 Thompson on Trials, sec. 2605, p. 1970.)

A variance is not material unless defendant is actually misled thereby. (Rev. Stat. 1898, sec. 3001.)

And on appeal the court will regard the complaint as amended to conform to the proof. (*Wyhart v. Pennington*, 50 Pac. 413; *Burgess v. Helm*, 51 Pac. 1025.)

The jury having determined the issues in this case from all the evidence, there being a conflict of testimony, this court will not disturb their finding. (*Pratt v. Clawson*, 7 Utah 254; *Slater v. Cragun*, 7 Utah, 412; *Wild v. Union Pacific* [Utah], 63 Pac. 886.)

## STATEMENT OF FACTS.

Plaintiff brought this action to recover from the defendant the sum of $545.25, alleged to be due on an express contract for goods sold and delivered. The complaint contains two causes of action. In the first cause of action it is alleged that between June 1, 1903, and November 1, 1903, at Ogden, Utah, plaintiff sold and delivered to the defendant, at his re-quest, a certain stock of books consisting of ladies' cloaks, skirts, and suits, and that the agreed price to be paid there-for was $283. The allegations in the second cause of action are the same as those in the first, except that the goods, at the request of defendant, were shipped and delivered to him at

Rock Springs, Wyoming, and that defendant agreed to pay therefor the sum of $262.25. The defendant answered denying each and every allegation of the complaint, and pleaded as an affirmative defense a breach of the contract under which plaintiff claims to have shipped the goods, in that the goods were not shipped until long after the time agreed upon and thereby were not received by defendant until the season for the selling of this class of goods had almost closed, and that they came too late to be of ready sale. It is further alleged that the goods were shipped to the defendant as samples from which to select a line of goods if he so desired; that he had permission to dispose of the goods, or such portion thereof as he might be able to sell in the usual course of trade; and that it was further agreed that defendant might, at any time, if he so desired, reship to plaintiff the unsold portion of said goods. There is a sharp conflict in the evidence on the issues raised by the pleadings, but it is not necessary to review in detail the facts in the case, because the errors assigned relate only to the instructions given by the court and the refusal of the court to give certain requests asked for by the defendant. From a verdict rendered by a jury and judgment entered thereon by the court, in favor of plaintiff, for the sum of $390.62, defendant has appealed to this court.

McCARTY, J., after making the foregoing statement, delivered the opinion of the court:

Defendant assigns as error the refusal of the court to instruct the jury that, "if the evidence is equally balanced, your verdict must be for the defendant, no cause of action." One of the defenses set up by defendant in this case was the alleged failure of plaintiff to ship the goods mentioned as agreed upon at the time they were ordered, and that they arrived too late for the fall trade, and defendant was thereby unable to dispose of them. This was new matter. The burden of proving the issue raised by it was upon the defendant. As the foregoing request is not limited or confined to the issues made in the allegations of the complaint the jury might have been misled thereby and applied it, had it been given, to

the issues raised by the affirmative matter in the answer as well as to the issues of the complaint. Therefore the court did not err in refusing to grant it. (*Hickey v. Rio Grande Western Ry. Co.* [Utah], 82 Pac. 29.)

Defendant also requested the court to instruct the jury as follows: "The burden is upon the plaintiff to prove all of the material allegations of its complaint by a preponderance of the evidence, and if plaintiff fails to prove all of those material allegations by such preponderance, or if the evidence is equally balanced, then your verdict must be for the defendant, no cause of action." This request correctly states the law. The defendant having denied the material allegations of the complaint, the burden of proving such allegations by a preponderance of the evidence was on the plaintiff, and if it failed to do so, or if the evidence on those issues were equally balanced, the plaintiff could not recover, and the defendant was entitled to have the jury so instructed. It is urged, however, that the request was fully covered by the following instructions which were given in the case: "(6) I further charge that the burden of proof of the sale of said goods to the defendant, as set out in his complaint, is upon the plaintiff." The court in the same paragraph, after inviting attention to some of the affirmative matters set up as a defense in the answer, proceeded to further charge the jury as follows: "And he (defendant) having alleged such fact affirmatively, the burden is upon him to establish such an agreement between him and the plaintiff for the return of said goods by a preponderance of the evidence." The court in its next succeeding instruction defines what is meant by a "preponderance of the evidence," as follows: "By a preponderance of the evidence is meant the greater weight of the evidence; that which is more convincing of its truth." These instructions when read together do not correctly state the rule respecting the degree of proof necessary for a plaintiff to produce in support of the allegations of his complaint to entitle him to recover, when, as here, the defendant introduces evidence tending to rebut and overcome the evidence produced by the plaintiff. The jury was instructed that the burden was upon the

plaintiff to prove the allegations of his complaint, and that the burden was upon the defendant to prove by a preponderance of the evidence the affirmative matter in his answer. The jury might well have understood from these instructions as given that, while the burden was upon the plaintiff to prove the allegations of his complaint and to make out a prima facie case in chief, yet it was not indispensable to entitle him to recover that the evidence on these issues, when the case was finally submitted, should preponderate in his favor. Plaintiff cites and relies upon the case of *Hickey v. Railway Co.*, supra, in support of his contention that the request was properly refused. In that case the defendant requested the court to instruct the jury as follows: "You are further charged that the mere fact that the accident happened is not sufficient proof to charge the defendant with negligence. The burden of proving negligence rests on the party alleging it, and, when a person charges negligence on the part of another as a cause of action, he must prove the negligence by a preponderance of the evidence. And in this case, if the jury finds that the weight of the evidence is in favor of the defendant, or that it is equally balanced, then the plaintiff cannot recover, and you should find the issues for the defendant." It will be observed, as was pointed out in the opinion written by Mr. Justice Straup in that case, that the request in terms applied to the issues of the entire case, those raised by the allegations of contributory negligence in the answer as well as the issues upon the complaint; whereas in the case under consideration the request was limited to the allegations of the complaint. Moreover, in that case the court fully instructed the jury on all the issues raised by the pleadings in the case, and among other things charged the jury that: "The burden of proof is upon the plaintiff in this case, and it is necessary, before he is entitled to a verdict at your hands, that he should establish by a preponderance of the evidence the allegations of his complaint." It thus appears that the jury was instructed in clear and unequivocal terms that the burden was upon the plaintiff to prove the allegations of his complaint by a preponderance of the evidence, which was

not done in this case. We are of the opinion that the defendant was entitled to have the request or an instruction embodying the same principles, given to the jury, and that it was error for the court to refuse.

The judgment is reversed, and a new trial ordered, costs of this appeal to be taxed against respondent.

STRAUP, J., concurs. BARTCH, C. J., concurs in the result.