## BEGGS v. CLAYTON.

No. 2241. Decided September 9, 1911. On Application for Rehearing February 13, 1912 (121 Pac. 7).

1. HIGHWAYS—LAW OF THE ROAD—NEGLIGENCE. Where a statute required motorists to reasonably turn to the right and give a team one-half of the way, and to take other precautions, if reasonably necessary, a motorist is not guilty of negligence if, in his judgment, he adopts those precautions which, under the circumstances, seem to him most reasonable, though he does not take all of the precautions suggested by the statute; the question of negligence being for the jury. (Page 393.)

2. TRIAL—BURDEN OF PROOF—INSTRUCTIONS. In an action for negligence, an instruction that plaintiff must prove that defendant was negligent in some respect as alleged, and "if, upon any of these issues, you find that the evidence is equally balanced, or the preponderance is in favor of defendant, you must find for him," was not erroneous; for the word "any," in the second sentence, refers to the issues mentioned above, and does not extend the burden to the whole case.[1]  (Page 394.)

3. PLEADING—DENIAL—MODE OF DENIAL. In an action for injuries caused by defendant's negligence, where defendant in his answer described the occurrence, and followed that statement by a general denial, all of the allegations of the complaint were denied. (Page 395.)

---

[1] Distinguishing Ainsfield Co. v. Rasmussen, 30 Utah, 453, 85 Pac. 1002.

4. HIGHWAYS—LAW OF ROAD—NEGLIGENCE. Under Laws 1909, chapter 113, providing that, if a horse or other draft animal shall appear to be frightened, the person operating a motor vehicle shall immediately stop, the motorist's failure to stop is negligence *per se.*[2] (Page 396.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Ellsworth J. Beggs against I. A. Clayton.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Snyder & Snyder* for appellant.

*Young & Snow* for respondent.

FRICK, C. J.

Appellant brought this action to recover damages for personal injuries sustained by him through the alleged negligence of the respondent, by causing the appellant's team of horses to be frightened and to run away upon a certain highway, by the careless management of an automobile owned by, and at the time of the accident, in the custody and control of, respondent.

The material allegations of the complaint, respecting the alleged negligence of respondent, are as follows:

"That at all times herein stated there was and now is a certain highway in Parley's Canon, in Salt Lake County, Utah, extending from Salt Lake City, in Salt Lake County, in an easterly direction to and beyond Park City, in Summit County, Utah, and in many places, particularly in the place where the accident occurred, which is hereinafter mentioned, said highway is formed by what is known as a 'dugway' along

---

[2] Smith v. Mine & Smelter Supply Co., 32 Utah, 30, 88 Pac. 686.

and near the base of the hill forming one side of said canyon; that on the 6th day of September, 1909, plaintiff was traveling along said highway in an easterly direction, going from Salt Lake City aforesaid to Park City aforesaid, and was driving a team of horses attached to a buggy, in which he was riding, and was giving due and proper attention to his said team; that while plaintiff was so traveling along said dugway constituting said highway, at a point in said Parley's Canyon, in Salt Lake County aforesaid, where said dugway was crooked and composed of many sharp turns and curves, and where the grade was very steep, and was narrow, the defendant was traversing the same in a certain automobile, then and there under the control and property of the defendant, in the opposite direction from that traveled by plaintiff; that upon appearance of said automobile within the view of plaintiff's said team of horses, they became frightened and plainly appeared to be frightened, and acted in such a manner that any person of ordinary common sense could easily know that they were frightened, that they jumped sideways, shied, backed, put up their ears in a frightened manner, and at once began swerving from the road and attempting to back and turn, notwithstanding all plaintiff's proper efforts to keep them on the road and headed towards said automobile; that the road was narrow, and there was no sufficient room for them to safely turn; and that while plaintiff's said team of horses was acting in said frightened manner, and so appearing to be frightened, said defendant willfully, unlawfully, and in violation of his duty in the premises negligently failed to stop and remain stationary so long as would be reasonable to allow plaintiff with his said team to pass, but negligently and unlawfully continued to advance toward plaintiff's said frightened team of horses with the said automobile, thereby frightening and terrorizing said team beyond plaintiff's control, so that they became wholly unmanageable, and backed and turned sharply in the opposite direction, and overturned plaintiff's said buggy and threw him violently to the ground and dragged him with

said buggy along the ground, thereby rendering plaintiff unconscious."

In the answer respondent apparently admitted many of the allegations of the complaint, but, in making such admissions, stated the occurrence in his own language, instead of admitting the allegations as appellant had stated them to be. With regard to the allegations of negligence, respondent admitted that appellant "was driving a team of horses attached to a buggy, in which he was riding; that while plaintiff was traveling, as aforesaid, along the said highway, at a point in Parley's Canyon, in Salt Lake County, Utah, where said highway was crooked and composed of many sharp turns and curves, and where the road was narrow, defendant was traveling the same highway in a certain automobile, then and there under defendant's control and being the property of defendant, in the opposite direction from that traveled by plaintiff; that upon the appearance of said automobile the plaintiff's said team of horses became frightened and backed and 'put up their ears in a frightened manner,' and attempted to back and turn; that the road being narrow there was not sufficient room for the team to turn; that the said team backed and turned sharply in the opposite direction and threw plaintiff violently to the ground, and dragged him with said buggy along the ground." The respondent, for further answer, denied each and every allegation not otherwise specifically denied, and, as an affirmative defense, averred that the injury and damages in question were occasioned by appellant's own negligence.

Upon these issues, the case was submitted to a jury, who returned a verdict in favor of respondent. Judgment was duly entered upon the verdict, and appellant prosecutes this appeal.

The only errors assigned relate to the instructions of the court, and such as we deem material will be referred to hereafter. We remark that this appeal is upon the judgment roll, without a bill of exceptions; and hence the questions we can review are very narrow.

In charging the jury, the court practically copied into his charge the provisions of our statute regulating the speed, management, and control of automobiles while being operated upon the highways of this state. (Laws Utah, 1909, page 236.) In view that in what the court copied there were some matters which, strictly speaking, had no relation with the conditions under which the accident in question occurred, the appellant asserts that the court erred in including such irrelevant matters into the charge. In referring to this point, counsel, in their brief, say: "The learned trial court laid before the jury the law covering a number of cases, none of which was referred to by the pleadings and evidence in the case, and [the charge] was therefore well calculated to mislead the jury." After carefully reading that portion of the law copied by the court in connection with the whole charge as given, we cannot see how the jury could have been misled. The court in other portions of the charge clearly defined the issues, and told the jury just what each of the parties was required to prove under the pleadings. Nor do we see wherein anything that the court copied, as aforesaid, was in any way contradictory of or in conflict with any other portion of the charge, when the whole charge is properly construed and applied.

It is also contended that the court erred in charging the jury as follows:

"If the condition of the road, its narrowness, or other physical conditions, are such as to make it difficult to determine what the duty of the person is, in order to comply with these two sections of the statute, then a person upon whom the obligations rest to comply with them must honestly exercise his best judgment according to the circumstances as they appear, and if, in endeavoring to do so, he acts as a reasonable person of ordinary prudence would do under such conditions, then he cannot be held responsible for the consequences."

A mere reading of the instruction shows that it relates to some conditions named in the statute, all of which the court had copied in full. Some of the conditions referred

to a reasonable time; others, again, referred to what is termed a "fair and equal opportunity to pass" each other on the highway; and still another requires a motor vehicle to "reasonably turn" to the right and give a team one-half of the right of way. We think no argument is required to show that under such provisions, where no act is *per se* pronounced negligence, and where an action, as here, is grounded upon negligence, all the court can do is to submit the evidence adduced by both sides, upon the question of negligence, to the jury. If the one who is charged with negligence nevertheless acted reasonably, in view of all the conditions surrounding the parties, as these conditions are outlined in the statute, he is not, and cannot under the statute, be deemed guilty of actionable negligence. If the statute had provided that a particular act, or the omission of some definite act, shall constitute negligence, the case might be different. The statute, however, does not condemn the mere act, but it condemns the act only when it is unreasonable; or, expressing it in another form, what is or is not negligence must be submitted to the jury, to be determined from all the evidence in the case. We are of the opinion that counsel's contention in this regard cannot be sustained.

Appellant also contends that the court erred in modifying his requests, marked "1" and "2." The court, in substance, gave both requests, modifying them only in certain particulars. To make a comparison available for any purpose, we would have to copy both requests as tendered and as modified. It could subserve no useful purpose to do so. It must be sufficient, therefore, to say that, in our opinion, the court committed no error in modifying the requests.

It is further urged that the court erred in defining the burden of proof. Upon this subject, the court, in substance, charged the jury that the burden of proof rested upon the appellant with regard to the allegations of negligence, and that by a preponderance of the evidence "he must prove that the defendant was negligent in some respect as alleged in the complaint," and, if the jury find that he should recover, then they must also find from the

evidence the amount of damages in accordance with other portions af the charge. The court then concluded the charge as follows:

"If, upon any of these issues, you find that the evidence is equally balanced, or that the preponderance is in favor of the defendant, then you must find such issue for the defendant."

It is the concluding portion which we have quoted that is excepted to. Counsel say: "The last sentence of paragraph ten of the instructions, while probably technically correct, if it were combined with the previous portion of the paragraph by means of a comma or semicolon, standing alone in a separate sentence, and containing as it does the word 'any,' which might extend the burden to the whole case, it is erroneous." We have quoted counsel's argument in full for the sole purpose of showing that, in view of the language used by the court, regardless of punctuation, the word "any" cannot be applied generally, but must be limited to "these" (the foregoing two) issues, to which specific reference is made. There is therefore no parallel between the charge just referred to and the one considered by this court in *Ainsfield Co. v. Rasmussen,* 30 Utah, 453, 85 Pac. 1002.

The contention that the charge of the court covered uncontested issues may or may not be well founded. So far as this contention relates to the pleadings, however, we cannot agree with counsel that the charge of the court related to matters admitted by the answer. Moreover, in view of what we have already said regarding instruction No. 6, this objection is robbed of much of its force. As we have seen, what are termed "admissions" in the answer consist merely of stating the occurrence of the accident in the language of counsel for defendant. When this statement is followed in the answer, as it is, by a general denial, it amounted to a complete denial of appellant's version of the accident, unless the same were admitted at the trial—a fact which is not made apparent by the record.

We can discover no reversible error in the record, and the judgment is therefore affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.

FRICK, C. J.

Counsel for appellant have filed a petition for a rehearing, in which they contend that we have placed a wrong construction upon the statute which regulates the speed, management, and control of automobiles while in use upon the highways of this state. In this connection, it is contended that we have, in effect, held that a violation of a positive provision of the statute by the owner of an automobile while using it does not constitute negligence for which he might be held liable. It is asserted that, notwithstanding the provision of the statute, if a horse or other draft animal which is being led or driven on the highway "shall appear to be frightened . . . the person operating the motor vehicle shall immediately stop," we have held that his failure to do so does not constitute negligence. We did not intend to so hold; nor do we think that our language is susceptible of such a construction.

We agree with counsel that, where a statute either directs or prohibits an act upon the part of a person, a failure to comply with the statute ordinarily constitutes negligence. In referring to this subject in the case of *Smith v. Mine & Smelter Supply Co.*, 32 Utah, at page 30, 88 Pac., page 686, we said:

"As to whether a violation of a law or ordinance constitutes negligence *per se* depends in a large measure upon the nature of the law or ordinance. When a standard of duty or care is fixed by law or ordinance, and such law or ordinance has reference to the safety of life, limb, or property, then, as a matter of necessity, a violation of such law or ordinance constitutes negligence."

The trial court in the case at bar, in referring to the duty of respondent to stop his automobile, charged the jury as follows: "And said team appearing to be frightened, as ad-

mitted by the answer, it was the duty of said defendant to immediately stop said automobile and to remain stationary such a reasonable length of time as would be necessary to allow the team to pass." This charge, so far as it relates to stopping and to remaining standing, is in the exact language of the statute. In this connection, the court, in effect, further charged the jury that if respondent failed to comply with the duty thus imposed upon him, and that in consequence of such failure the accident occurred, the verdict of the jury should be for the appellant. The trial court thus charged the law just as counsel contend it is; and we certainly did not hold that the law in this regard was not correctly stated by the court. Indeed, there was absolutely no contention with regard to the correctness of the court's charge upon this question. The contention of counsel in their original brief was that the court gave contradictory or conflicting instructions, and we held that, in our judgment, when the instructions were considered as a whole, the jury could not have been misled; and hence the appellant was not prejudiced.

By what we said in the opinion with regard to certain provisions of the statute, we did not mean to be understood as holding that, where the statute positively directs an act or prohibits it, a violation of such a provision would not constitute negligence. In making the statement in the original opinion, we referred only to such portions of the statute as require certain acts or conduct to be "reasonable," or which otherwise qualified the acts or conduct referred to under the circumstances prevailing. We made specific reference to such portions of the statute immediately following the clause that counsel have quoted from the opinion. We have deemed it best to say a few words, however, to avoid a misunderstanding of the real scope of the opinion.

There is no reason, however, why a rehearing should be granted in this case, and the petition is therefore denied.

McCARTY and STRAUP, JJ., concur.